UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA

David C. Wylie
754 Parkview Dr
Johnstown, PA  15905          CASE NO. 3:16-CV-102

Plaintiff,

v.

TransUnion, LLC
2 Baldwin Place
P.O. Box 2000
Chester, PA 19016

Defendant.

## COMPLAINT

AND NOW, comes the Plaintiff, David C. Wylie, by and through his attorney, Matthew Herron, Esquire, and The Debt Doctors at Quatrini Rafferty, and files this Complaint in Civil Action in the Federal District Court for the Western District of Pennsylvania, stating as follows:

## THE PARTIES

1. The Plaintiff is David Wylie, an adult individual, residing at 754 Parkview Dr., Johnstown, Pa 15905.

2. Mr. Wylie (hereinafter "Plaintiff) is consumer as defined by the FCRA.

3. The Defendant is Trans Union, LLC, (hereinafter "Defendant" or  "Trans Union") a business entity with a place of business located at 2 Baldwin Place, P.O. Box 2000, Chester, Pa 19016.

4. Trans Union is a "consumer reporting agency" as those terms are defined under 15 U.S.C. §1681.

5. Trans Union regularly engages in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports to third parties as defined in 15 U.S.C. §1681.

## NATURE OF THIS ACTION

6. This is an action brought by a consumer for violation of alleged violations of the Fair Credit Reporting Act ("FCRA") 15 U.S.C. §1681, et seq.

7. The FCRA requires credit reporting agencies to report accurate information and conduct a proper reinvestigation of disputed information. 15 U.S.C. § 1681e(b) and § 1681i(a).

8. Defendant Trans Union continues to falsely and inaccurately report the status of the Plaintiff's alleged debt owe to credit furnisher First National Bank of Pennsylvania ("FNB").

## JURISDICTION AND VENUE

9. This Court has Original Jurisdiction to hear this complaint and to adjudicate the claims herein pursuant to the FCRA 15 U.S.C. §1681 and 28 U.S.C. §1337.

10. Jurisdiction and venue are proper because a substantial portion of the transactions, occurrences or omissions took place in this jurisdiction.

11. Jurisdiction and venue are proper because Defendant regularly transacts business in this jurisdiction and avails itself of the market place in this jurisdiction.

12. Jurisdiction and venue are proper in this jurisdiction because witnesses may be located in this jurisdiction.

13. Jurisdiction and venue are proper in this jurisdiction because the Plaintiff resides in this jurisdiction.

## STATEMENT OF FACTS

14. The Plaintiff is Consumer as defined by the FCRA.

15. At all times relevant to this matter the Defendant has maintained a consumer report related to the Plaintiff's Credit Worthiness. A copy of the Plaintiff's Consumer Report as of April 24, 2015 is attached as Exhibit "A".

16. Prior to November 2014, The Plaintiff's Consumer Report contained 25 accounts with not one negative report.

17. On November 17, 2014, The Plaintiff's Daughter Kathryn R. Wylie hereinafter referred to as Miss Wylie, filed a Chapter 13 Bankruptcy in the Bankruptcy Court for the Western District of Pennsylvania Case no. 14-24552-GLT.

18. In November 2014, Credit Furnisher, FNB also know as the "Credit Furnisher" furnished information to the Defendant that an account beginning with the Account #42565045XXXX as delinquent, bad debt, placed for collection, charged off account and suspended.

19. The Defendant soon after began reporting the information from the Credit Furnisher provided.

20. On December 19, 2014, FNB filed under oath a proof of claim in Miss Wylie's bankruptcy case for loan no. ending in 5045 and attached a note list Miss Wylie as the only borrower that did not include the Plaintiff as a borrower. A copy of the FNB Proof of Claim is attached as Exhibit "B".

21. On April 2, 2015, the Plaintiff's US Bank line of credit was reduced from $23,000 to $500.00 primarily due to "serious delinquency in time since delinquency was

too recent or unknown". A Copy of the letter reducing the Plaintiff's line of credit based on information provided by the Defendant as Exhibit "C".

22. On or before April 29, 2015, the Plaintiff became aware that the Defendant was reporting the inaccurate information provided by the Credit Furnisher and sent the April 29, 2015 dispute letters are attached as Exhibit "D" and Exhibit "E" to the Defendant and the Credit Furnisher Individually.

23. Prior to April 2015, the Plaintiff was not notified by FNB of the delinquency and would not allow him to tender payment in an attempt to maintain his exemplary credit record due to the bankruptcy co-debtor stay.

24. On May 4, 2015, FNB responded to the Plaintiff's request by stating he was a co-signor on the loan, they were prohibited by the bankruptcy co-debtor stay from communicating with him about the loan and that the information they were reporting was the correct status of the loan. FNB's May 4, 2015 response is attached as Exhibit "F".

25. On May 14, 2015, the Defendant responded by not changing the inaccurate information provided by FNB. Trans Union May 14, 2015 response is attached as Exhibit "G".

26. On June 9, 2015, the Plaintiff sent a 2nd dispute to the Defendant asking them to remove the inaccurate reporting. The Plaintiff's 2nd dispute letter is attached as Exhibit "H".

27. On June 11, 2015, The Plaintiff sent a 2nd dispute to the Credit Furnisher asking them to report the information correctly. The June 11, 2015 dispute letter is attached as Exhibit "I".

28. On June 30, 2015, The Defendant responded and failed to correct the inaccuracies on the Plaintiff's Credit Report. The Defendant's June 30, 2015 response is attached as Exhibit "J".

29. On June 22, 2015, the Credit Furnisher sent a response that claimed that the request lacked specificity. The June 22, 2015 Credit Furnisher response is attached as Exhibit "K".

30. As of August 24, 2015, the Defendant has failed to properly investigate or correct the inaccuracies on the Plaintiff's Credit Report. A copy of the Plaintiff's Consumer Report as of August 24, 2015 is attached as Exhibit "L".

31. To date and prior to the Defendant's failure accurately report account information from FNB, this debt is the only derogatory mark on the Plaintiff's Consumer Report.

32. The failure of the Defendant to properly investigate, maintain proper procedures and correct these accuracies have caused the Plaintiff damage to his creditworthiness, financial harm, the incursion of attorney's fees and caused emotional distress due to the strain this error and has additionally caused harm to his relationship with his Daughter.

## COUNT I – FAIR CREDIT REPORTING ACT

33. The previous paragraphs of this complaint are incorporated by reference.

34. Trans Union willfully and/or negligently violated the provisions of the FCRA in the following respects:

    a. by failing, to establish or follow reasonable procedures to assure maximum possible accuracy of the information of the Plaintiff's consumer report; 15 U.S.C. § 1681e(b)

    b. by continuing to report false and inaccurate information despite having knowledge of its inaccuracy; and

    c. by failing to comport with the requirements of the FCRA including failing to conduct a proper and reasonable investigation/reinvestigation into disputed information in the Plaintiff's credit file and thereafter delete the disputed inaccurate information. 15 U.S.C. § 1681i(a).

## Jury Trial Demand

35. Plaintiff demands a trial by jury on all issues so triable

## Prayer for Relief

WHEREFORE, Plaintiff David C. Wylie demands judgment against Defendant Trans Union for:

    a. To remove inaccurate information from the Plaintiff's Consumer Report;

    b. Actual and compensatory damages;

    c. Statutory damages;

    d. Punitive damages;

    e. Attorney's Fees and Costs; and

    f. Such other and further relief as the Court shall deem just and proper.

/s/ Matthew M. Herron    5/4/2016
_____ _____
Matthew M. Herron, Esquire
Attorney for the Plaintiff
The Debt Doctors at Quatrini Rafferty
941 Penn Ave, Suite 101
Pittsburgh, PA 15222
412-395-6001
mmh@thedebtdoctors.com