# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID C. WYLIE, | ) | Case No. 3:16-cv-102 |
| | ) | |
| Plaintiff, | ) | JUDGE KIM R. GIBSON |
| | ) | |
| v. | ) | |
| | ) | |
| TRANSUNION, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

### I. Introduction

Pending before the Court is Defendant Trans Union LLC's Motion for Summary Judgment (ECF No. 25). This is an action under the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA" or "Act"), in which Plaintiff David C. Wylie ("Wylie") alleges that Defendant Trans Union LLC ("Trans Union")[1] continues to report falsely and inaccurately the status of his alleged debt owed to credit-furnisher First National Bank of Pennsylvania ("FNB").

As is evident from both parties' briefing (*see* ECF Nos. 27, 32, 33, 37), the only real dispute regarding Trans Union's Motion for Summary Judgment is whether Wylie's failure to respond to Trans Union's requests for admissions and failure to timely file a responsive statement of material facts resulted in deemed admissions. The Court has separately ruled on this dispute in its recent Memorandum Opinion and Order (ECF No. 43) by denying Wylie's

---

[1] The Court notes that, while the caption refers to "TransUnion, LLC" as a single word with no space and a comma, Trans Union itself consistently breaks its name into two words in all of its filings and does not include a comma between "Trans Union" and "LLC." Based on Trans Union's Disclosure Statement (ECF No. 7), it appears that Trans Union LLC features a space between "Trans" and "Union," but other parents, subsidiaries and/or affiliates are a single word without a space. *See, e.g.,* "TransUnion Intermediate Holdings, Inc." In this Memorandum Opinion, the Court will follow Trans Union's choice of spacing and naming conventions.

Rule 36(b) Motion to Withdraw or Amend Responses to Defendant's Request for Admissions ("Rule 36(b) Motion) (ECF No. 29) and Wylie's Motion for Leave to File Out of Time Statement of Material Facts in Support of his Response to Trans Union's Motion for Summary Judgment ("Motion to File Late Statement") (ECF No. 41). Thus, for the purposes of Trans Union's Motion for Summary Judgment, Wylie has admitted to all of the admissions requested by Trans Union in discovery and agreed with Trans Union's Statement of Material Facts. (*See* ECF Nos. 26-6, 26.)

Therefore, because Wylie has twice-admitted that Trans Union did not violate the FCRA or report any inaccurate information to a third party and for the reasons that follow, Trans Union's Motion for Summary Judgment is **GRANTED**.

## II. Jurisdiction and Venue

This Court has subject matter jurisdiction over Wylie's claims under 28 U.S.C. §§ 1331, 1337(a), and 15 U.S.C. § 1681(p). Because a substantial part of the events giving rise to Wylie's claims occurred in the Western District of Pennsylvania, venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2).

## III. Relevant Procedural History

On May 4, 2016, Wylie filed his original Complaint, alleging that Trans Union was inaccurately reporting a delinquency on his account with FNB. (ECF No. 1.) Trans Union filed its first Motion to Dismiss on July 5, 2016. (ECF No. 7.) Mooting this first Motion to Dismiss, Wylie filed his Amended Complaint on July 26, 2016. (ECF No. 11.) Trans Union then filed its second Motion to Dismiss on August 12, 2016. (ECF No. 18.) During the pendency of this

second Motion to Dismiss, the case was to proceed according to the Court's Initial Scheduling Order of August 19, 2016. (ECF No. 21.)

As part of its effort to pursue discovery, Trans Union served Wylie with Trans Union's Requests for Admissions on July 21, 2016. (*See* ECF No. 36; ECF No. 26-6.) As conceded by his Rule 36(b) Motion, Wylie never responded to Trans Union's Requests for Admissions. (*See* ECF No. 29.)

After the close of fact discovery, Trans Union filed the present Motion for Summary Judgment, its Statement of Material Facts, and its Brief in Support of its Motion for Summary Judgment on February 15, 2017. (ECF Nos. 25-27.) Likely realizing the consequences of his refusal to participate in discovery because of the content of the Motion for Summary Judgment, Wylie filed his Rule 36(b) Motion (ECF No. 29) and Brief in Support of Rule 36(b) Motion (ECF No. 30) on March 3, 2017, asking the Court to set aside Wylie's default admissions over six months after the deadline.

Wylie then filed his Response to the Motion for Summary Judgment and his Reply Brief to the Motion for Summary Judgment on March 8, 2017. (ECF Nos. 32-33.) However, despite the mandate of Local Rule 56(C), Wylie did not timely file a responsive statement of material facts.

Noticing this violation of Local Rules, Trans Union filed its Reply in Support of its Motion for Summary Judgment on March 22, 2017 (ECF No. 37), in which Trans Union correctly noted that Local Rule 56(E) provides that alleged material facts set forth in either party's statement of material facts are "deemed admitted unless denied or otherwise controverted by a

separate concise statement of the opposing party." LCVR 56(E). Trans Union also filed its Response in Opposition to Wylie's 36(b) Motion on March 22, 2017 (ECF No. 36.)

Likely motivated by Trans Union's Reply in Support of its Motion for Summary Judgment, Wylie then filed his Statement of Material Facts on April 5, 2017 (ECF No. 33) and filed his Motion to File Late Statement (ECF No. 41) on April 12, 2017—26 days after the deadline established by Local Rule 56(C). Trans Union filed its Response in Opposition to this Motion on April 21, 2017. (ECF No. 42.)

The Court denied both Wylie's 36(b) Motion and his Motion to File Late Statement on September 29, 2017 (ECF No. 43)—the effect of which is that Wylie has admitted to all of Trans Union's Requests for Admissions and Trans Union's Statement of Material Facts by operation of law.

## IV. Factual History

As discussed *supra* and *infra*, Wylie has admitted to all of the content of Trans Union's Requests for Admissions and Statement of Material Facts. Therefore, rather than repeating those admissions here, the Court incorporates the facts admitted therein by reference. (*See* ECF No. 26; ECF No. 26-6.)

## V. Standard of Review

"Summary judgment is appropriate only where . . . there is no genuine issue as to any material fact . . . and the moving party is entitled to judgment as a matter of law." *Melrose, Inc. v. Pittsburgh*, 613 F.3d 380, 387 (3d Cir. 2010) (quoting *Ruehl v. Viacom, Inc.*, 500 F.3d 375, 380 n.6 (3d Cir. 2007)); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); Fed. R. Civ. P. 56(a). Issues of fact are genuine "if the evidence is such that a reasonable jury could return a verdict

for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *see also McGreevy v. Stroup*, 413 F.3d 359, 363 (3d Cir. 2005). Material facts are those that will affect the outcome of the trial under governing law. *Anderson*, 477 U.S. at 248. The Court's role is "not to weigh the evidence or to determine the truth of the matter, but only to determine whether the evidence of record is such that a reasonable jury could return a verdict for the nonmoving party." *Am. Eagle Outfitters v. Lyle & Scott Ltd.*, 584 F.3d 575, 581 (3d Cir. 2009). "In making this determination, 'a court must view the facts in the light most favorable to the nonmoving party and draw all inferences in that party's favor.'" *Farrell v. Planters Lifesavers Co.*, 206 F.3d 271, 278 (3d Cir. 2000) (quoting *Armbruster v. Unisys Corp.*, 32 F.3d 768, 777 (3d Cir. 1994)).

The moving party bears the initial responsibility of stating the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. If the moving party meets this burden, the party opposing summary judgment "may not rest upon the mere allegations or denials" of the pleading, but "must set forth specific facts showing that there is a genuine issue for trial." *Saldana v. Kmart Corp.*, 260 F.3d 228, 232 (3d Cir. 2001) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 n.11 (1986)). "For an issue to be genuine, the nonmovant needs to supply more than a scintilla of evidence in support of its position—there must be sufficient evidence (not mere allegations) for a reasonable jury to find for the nonmovant." *Coolspring Stone Supply v. Am. States Life Ins. Co.*, 10 F.3d 144, 148 (3d Cir. 1993); *see also Podobnik v. U.S. Postal Serv.*, 409 F.3d 584, 594 (3d Cir. 2005) (noting that a party opposing summary judgment "must present more than just bare assertions, conclusory allegations or suspicions to show the existence of a genuine issue") (internal quotation marks omitted).

## VI. Analysis

Given the Court's decision on Wylie's Rule 36(b) Motion and Motion to File Late Statement (*see* ECF No. 43), the outcome of Trans Union's Motion for Summary Judgment requires little discussion. Because Wylie has admitted to Trans Union's version of the facts through his default admissions, there is no dispute of material fact. And, under these undisputed facts, Trans Union is entitled to judgment as a matter of law. The Court must grant Trans Union's Motion for Summary Judgment.[2]

As discussed in the Court's earlier decision (ECF No. 43), Wylie's failure to respond to Trans Union's Requests for Admissions resulted in the default admission of the matters requested, *see* Fed R. Civ. P. 36(a)(3), and Wylie's failure to timely file a responsive statement of material facts resulted in a default admission of Trans Union's Statement of Material facts, *see* LCvR 56(E). The Court did not grant Wylie leave to withdraw his default admissions or to file a late responsive statement of material facts. (*See* ECF No. 43.) Thus, both of these sources of default admissions apply to Trans Union's Motion for Summary Judgment.

Wylie's default admissions regarding his failure to respond to Trans Union's Requests for Admissions are conclusive and sufficient to support summary judgment. *See Langer v. Monarch Life Ins. Co.*, 96 F.2d 786, 803 (3d Cir. 1992); *Kida v. EcoWater Systems LLC*, Civil Action No. 10-4319, 2011 WL 4547006, at *3-*4 (E.D. Pa. Sept. 30, 2011);[3] *McNeil v. AT & T Universal*

---

[2] The Court notes that Wylie essentially conceded that summary judgment must be granted in favor of Trans Union unless the Court granted its Rule 36(b) Motion by stating that "upholding the Defendant's deemed admissions would practically eliminate a presentation of the merits of the case." (ECF No. 30 at 3.)

[3] The Court refers the parties to Judge Baylson's opinion in *Kida v. EcoWater Systems LLC, et al* for a thorough coverage of the law regarding Rule 36 admissions and summary judgment. *See Kida v. EcoWater Systems LLC*, Civil Action No. 10-4319, 2011 WL 4547006, at *3-*4 (E.D. Pa. Sept. 30, 2011) (citing cases).

*Card*, 192 F.R.D. 492, 493 (E.D. Pa. 2000). Moreover, because admissions are conclusive, they are not weighed against competing evidence on a summary judgment motion. *Kida*, 2011 WL 4547006, at *3; *In re Carney*, 258 F.3d 415, 420 (5th Cir. 2001).

Local Rule 56(E) provides for the same effect, i.e., the uncontroverted content of the movant's statement of material fact is deemed admitted and carries conclusive weight for the purposes of summary judgment motions. *See* LCvR 56(E).

Pursuant to Rule 36 and Local Rule 56(E), Wylie has conclusively admitted the following for the purposes of summary judgment:[4]

- Trans Union has not violated any provision of the FCRA with respect to Wylie. (ECF No. 26 ¶ 33.a; ECF No. 26-6 ¶ 23.)

- Trans Union followed reasonable procedures to assume maximum possible accuracy of the information Trans Union reported with respect to Wylie. (ECF No. 26 ¶ 33.b; ECF No. 26-6 ¶ 22.)

- Trans Union's reinvestigation of Wylie's disputes regarding the information Trans Union reported with respect to Wylie were reasonable. (ECF No. 26 ¶ 33.c; ECF No. 26-6 ¶ 33.)

- Trans Union never furnished inaccurate information about Wylie in a credit report to any third party. (ECF No. 26 ¶ 33.d; ECF No. 26-6 ¶ 31.)

- Trans Union never furnished Wylie's credit report to a third party. (ECF No. 26 ¶ 33.e; ECF No. 26-6 ¶ 32.)

---

[4] The Court does not represent this list as an exhaustive list of Wylie's default admissions; the list includes only the more pertinent admissions.

- Trans Union did not knowingly, intentionally or recklessly commit any act or omission in conscious disregard for Wylie's rights. (ECF No. 26 ¶ 33.f; ECF No. 26-6 ¶¶ 35-37.)

- The actions of Trans Union in handling Wylie's credit file and in dealing with Wylie were not done with the intent to harm Wylie. (ECF No. 26 ¶ 33.g; ECF No. 26-6 ¶ 6.)

- Wylie was not damaged as a result of any act or omission on the part of Trans Union. (ECF No. 26 ¶ 33.h; ECF No. 26-6 ¶ 24.)

- Wylie was not denied credit or had terms changed as a result of the information Trans Union reported with respect to Wylie. (ECF No. 26 ¶ 33.i; ECF No. 26-6 ¶ 25.)

- Wylie did not suffer any emotional distress, humiliation, embarrassment or mental anguish as a result of Trans Union's conduct. (ECF No. 26 ¶ 33.j; ECF No. 26-6 ¶ 27.)

- Wylie did not incur any expenses in connection with medical, spiritual or counseling treatment resulting from the events which form the basis of this litigation. (ECF No. 26 ¶ 33.k; ECF No. 26-6 ¶ 21.)

The Court agrees with Trans Union that these admissions are dispositive of all issues in the case. (*See* ECF No. 27 at 11.) The Court need not go much further than Wylie's admission that Trans Union did not violate any provision of the FCRA with respect to Wylie. (ECF No. 26 ¶ 33ba; ECF No. 26-6 ¶ 23.) All of Wylie's claims are under the FCRA, so this admission alone is fatal to Wylie's case.

Even beyond this overarching admission, the remainder of the admissions discussed *supra* clearly demonstrate that Wylie has failed to establish the requirements of any of his causes of action. Trans Union's Brief accurately details these failures, and the Court will not repeat this analysis here. (*See* ECF No. 27 at 11-15.) However, these deficiencies are obvious and glaring.

Trans Union, as the moving party, easily met its initial responsibility of stating the basis for its Motion for Summary Judgment and identifying the default admissions that demonstrate the absence of a genuine issue of material fact. *See Celotex*, 477 U.S. at 323. On the other hand, Wylie, bound by the conclusive weight of his default admissions, failed to set forth specific facts showing that there is a genuine for trial. *See Saldanav*, 260 F.3d at 232. The Court has no doubt that, given Wylie's admissions, a reasonable jury could not find in favor of Wylie. *See Coolspring*, 10 F.3d at 148; *Podobnik*, 409 F.3d at 594. Consequently, the Court grants Trans Union's Motion for Summary Judgment.

## VII. Conclusion

For the foregoing reasons, Trans Union's Motion for Summary Judgment is granted.

An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| DAVID C. WYLIE, | ) | Case No. 3:16-cv-102 |
| --- | --- | --- |
| | ) | |
| Plaintiff, | ) | JUDGE KIM R. GIBSON |
| | ) | |
| v. | ) | |
| | ) | |
| TRANSUNION, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

NOW, this 29th day of September 2017, upon consideration of Defendant Trans Union LLC's Motion for Summary Judgment (ECF No. 25) and for the reasons set forth in the Memorandum Opinion accompanying this Order, it is **HEREBY ORDERED** that Defendant's Motion for Summary Judgment (ECF No. 25) is **GRANTED** and all of Plaintiff David C. Wylie's claims in the above-captioned case are **DISMISSED WITH PREJUDICE**.

BY THE COURT:

_____
KIM R. GIBSON
UNITED STATES DISTRICT JUDGE